**WO**                                                                    RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jonathan David Vela,                     )     No. CV 06-858-PHX-SMM (JRI)
                                         )
                Plaintiff,               )     **ORDER**
                                         )
vs.                                      )
                                         )
                                         )
Joseph M. Arpaio, et al.,                )
                                         )
                Defendants.              )
                                         )
_____  )

        Plaintiff Jonathan David Vela, confined in the Maricopa County Fourth Avenue Jail,
has filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 and an
Application to Proceed *In Forma Pauperis*.  The Court will order Defendant Joseph M.
Arpaio to answer Plaintiff's Fourth and Fourteenth Amendment claims in Counts I and II of
the Complaint and will dismiss the remaining claims and Defendants for failure to state a
claim upon which relief may be granted.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.
§ 1915(a).  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing
fee.  Effective April 9, 2006, the filing fee for a civil rights action increased from $250.00
to $350.00.  See 28 U.S.C. § 1914, amended by, Deficit Reduction Act of 2005, Pub. L. No.
109-171, 120 Stat. 4 (Feb. 8, 2006).  Plaintiff's Complaint, however, is not subject to the
increased fee because Plaintiff filed his Complaint prior to April 9, 2006.  Accordingly,

TERMPSREF

1  Plaintiff is obligated to pay only the $250.00 filing fee.

2       The Court will assess an initial partial filing fee of $12.00. 28 U.S.C.§ 1915 (b) (1)

3  (A).  The remainder of the $250.00 fee will be collected monthly in payments of 20% of the

4  previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C.

5  § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

6  agency to collect the fees according to the statutory formula.

7       Plaintiff should take notice that if he is released before the filing fee is paid in full, he

8  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

9  release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

10 his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why

11 he is unable to pay the remainder of the filing fee.

12 **II.  Statutory Screening of Prisoner Complaints**

13      The Court is required to screen complaints brought by prisoners seeking relief against

14 a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

15 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

16 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

17 be granted, or that seek monetary relief from a defendant who is immune from such relief.

18 28 U.S.C. § 1915A(b)(1) and (2).

19 **III.  Complaint**

20      Plaintiff alleges three counts in his Complaint.  Plaintiff claims that his Fourth, Eighth,

21 and Fourteenth Amendment rights to privacy have been violated by being viewed in total

22 nudity by female officers while he is showering and while he is performing "excretory"

23 functions.

24      Named as Defendants in the Complaint are: (1) Joseph M. Arpaio, Sheriff of Maricopa

25 County; (2) Maricopa County; and (3) Ava Arpaio, wife of Defendant Joseph M. Arpaio.

26      Plaintiff seeks legal and attorney fees, and compensatory and punitive monetary

27 damages.

28

**TERMPSREF**                                                    - 2 -

**IV.  Dismissal of Defendants**

**A.  Maricopa County**

To impose liability under 42 U.S.C. § 1983 upon Defendant Maricopa County, Plaintiff must demonstrate the existence of a particular official County policy or established custom and that the policy or custom caused him to be subjected to a deprivation of a constitutional right. Oklahoma City v. Tuttle, 471 U.S. 808, 829-30 (1985) (Justice Brennan, concurring); See also, Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 694 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir. 1984).

Plaintiff makes no allegations in the Complaint regarding a particular policy or custom of Maricopa County.  Instead, the only allegation Plaintiff makes against Maricopa County is in Count III where Plaintiff states that "Maricopa County is responsible due to the fact[] they employ Sheriff Joseph Arpaio."  However, Maricopa County "cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691.  In other words, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Accordingly, Maricopa County is not a proper Defendant, and will be dismissed from this action for failure to state a claim upon which relief may be granted.

**B.  Ava Arpaio**

To state a claim under 42 U.S.C. § 1983, Plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the Plaintiff of a constitutional right. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Thus, "[a] claim may be brought under § 1983 only if the defendant acted 'under color' of state law." Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982).  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  Also, Plaintiff must show an affirmative

1
2

link between the alleged injury and the conduct of an individual Defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

3
4
5
6
7
8
9
10

Plaintiff does not link his alleged injuries with any conduct of Defendant Ava Arpaio. In answer to a question on the court-approved Complaint form as to how Defendant Ava Arpaio was acting under color of law, Plaintiff merely alleges that Ava Arpaio and Sheriff Joseph Arpaio have joint property.  While Defendant Joseph Arpaio acts under color of state law when he performs his duties as Maricopa County Sheriff, the fact that Defendant Ava Arpaio owns joint property with him is not enough to clothe Defendant Ava Arpaio's actions with the authority of state law.  Accordingly, Defendant Ava Arpaio will be dismissed from this action for failure to state a claim upon which relief may be granted.

11

**V.  Discussion**

12

**A.  Counts I and II**

13
14
15
16
17

In Count I, Plaintiff claims that his Fourth, Eighth, and Fourteenth Amendment rights to privacy have been violated by being "constantly" viewed in total nudity by female officers while he is showering.  Plaintiff further alleges that Defendant Joseph M. Arpaio is aware of this problem, but still allows female officers to remain in positions where they "must" view Plaintiff "totally nude."

18
19
20
21
22
23

Similarly, in Count II Plaintiff claims that his Fourth, Eighth, and Fourteenth Amendment rights to privacy have been violated by being "constantly" viewed by female officers while he is "performing ex[c]retory functions of the body."  Plaintiff further alleges that Defendant Joseph M. Arpaio is aware of this problem, but still allows female officers to remain in positions where they "must" view Plaintiff while "performing these excretory functions."

24
25
26
27
28

The Court will call for an answer from Defendant Joseph M. Arpaio to Plaintiff's Fourth and Fourteenth Amendment claims in Counts I and II because the question of whether prison inmates have a Fourth or Fourteenth Amendment right to be free "from viewing of their unclothed bodies by officials of the opposite sex" has not been definitively decided by either the United States Supreme Court or the Ninth Circuit Court of Appeals.  <u>Somers v.</u>

1   Thurman, 109 F.3d 614, 617-622 (9th Cir. 1997).

2       However, the Court will not call for an answer to Plaintiff's Eighth Amendment claims

3   in Counts I and II.  Plaintiff's claims that he was viewed by female officers while he was

4   naked simply do not rise to the level of Eighth Amendment violations.  See id. at 624 ("To

5   hold that gawking, pointing, and joking [by female guards at male inmate while he was

6   showering naked] violates the prohibition against cruel and unusual punishment would

7   trivialize the objective component of the Eighth Amendment test and render it absurd").

8   Accordingly, Plaintiff's Eighth Amendment claims in Counts I and II will be dismissed for

9   failure to state a claim upon which relief may be granted.

10      **B.  Count III**

11      In Count III, Plaintiff claims that his Fourth, Eighth, and Fourteenth Amendment

12  rights to privacy have been violated.  However, Plaintiff does not provide any supporting

13  facts for this conclusory assertion.

14      Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

15  (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board

16  of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes, 612 F.2d at

17  772.  Further, a liberal interpretation of a civil rights complaint may not supply essential

18  elements of the claim that were not initially pled.  Ivey, 673 F.2d at 268.

19      Accordingly, Count III will be dismissed for failure to state a claim upon which relief

20  may be granted.

21  **VI.  Warnings**

22      **A.  Release**

23      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

26  in dismissal.

27      **B.  Address Changes**

28      Plaintiff must file and serve a notice of a change of address 10 days before the move

is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

**D.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $12.00.

(3)  Defendants Maricopa County and Ava Arpaio are **dismissed** from this action for failure to state a claim.

(4)  Plaintiff's Count III and Eighth Amendment claims in Counts I and II are **dismissed** for failure to state a claim.

(5)  Defendant Joseph M. Arpaio must answer Plaintiff's Fourth and Fourteenth Amendment claims in Counts I and II.

(6)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Joseph M. Arpaio.

(7)  Plaintiff must complete and return the service packet to the Clerk of Court within

20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to a Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(9)  The United States Marshal must retain the Summons, a copy of the Complaint (Doc. #1), and a copy of this Order for future use.

(10)  The United States Marshal must notify Defendant Joseph M. Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)  **If Defendant agrees to waive service of the Summons and Complaint, he**

**must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)  This matter is referred to Magistrate Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 31st day of August, 2006.

Stephen M. McNamee
United States District Judge